UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROOSEVELT SAMUEL

VERSUS

THE ABER COMPANY, INC., ET AL

CIVIL ACTION

NUMBER 09-448-JVP-SCR

**RULING ON MOTION TO QUASH DEPOSITION OR FOR PROTECTIVE ORDER**

Before the court is the Joint Motion to Quash Perpetuation Deposition of Roosevelt Samuel, or Alternatively, for Protective Order filed by defendants Bituminous Fire And Marine Insurance Company, Liberty Mutual Insurance Company, and Travelers Indemnity Company. Record document number 7. The motion is opposed.[1]

Prior to removal the plaintiff sought, and after a hearing in the state trial court on July 2, 2009, the state court apparently found good cause and granted leave to take a deposition to preserve the plaintiff's testimony on July 28, 2009.[2] According to the plaintiff's opposition memorandum, counsel for the plaintiff announced in open court on the day of the hearing his intention to notice the plaintiff's perpetuation deposition for July 28, 2009.

Defendants argue in their reply memorandum that the minute entry from the July 2 state court hearing does not constitute an

---

[1] Record document numbers 12 and 14. Defendants filed a reply memorandum. Record document number 17.

[2] Record document number 14, exhibit C. The minute entry uses the term "Order" to describe the state court's ruling.

"order" for the purpose of Rule 26(d)(2), Fed.R.Civ.P.  This argument is unpersuasive.  Defendants do not dispute that a hearing on their motion to quash the plaintiff's deposition was held in the state court, and that the motion was granted to the extent that the plaintiff's deposition could not be taken on July 8.  The parties abided by that ruling even though it had not yet been memorialized in a written order or judgment.  This is strong evidence that all parties considered the ruling as a binding order.  It is disingenuous for the defendants to now argue that they are not bound by that part of the ruling which they dislike - that the plaintiff's deposition was rescheduled to July 28 - just because it has not been put in the form of a separate written order.

Defendants also dispute the accuracy of the minute entry.  However, the minute entry is the only official record of the state court's ruling.  Defendants have not shown that there is any requirement for state court minute entries to be signed by the judge.  The proposed judgment submitted by the defendants is not signed and bears no indication that it was approved by the state court or is an official court record.

Defendants note that on July 17, 2009 the Judicial Panel on Multidistrict Litigation conditionally transferred this case to the U.S. District Court for the Eastern District of Pennsylvania. Defendants carefully do not argue that the conditional transfer order (CTO) deprives this court of the authority to decide this

motion or take any other appropriate action prior to the time the CTO becomes effective.[3]

Defendants are correct, and the plaintiff does not dispute, that upon removal the Federal Rules of Civil Procedure apply.[4] Rules 26(d)(1) and 30(a)(2)(A)(iii), Fed.R.Civ.P., give the court discretion to allow a deposition to be taken before a Rule 26(f) conference is held.  The *McIntyre*[5] and *Riley*[6] cases relied upon by the defendants are factually distinguishable, as the defendants acknowledged, and are unpersuasive in the circumstances of this

---

[3] Judicial Panel on Multidistrict Litigation Rule 1.5 provides as follows:
   Effect of the Pendency of an Action Before the Panel
      The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court. A transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district.
   Similarly, for "tag-along actions" JPML Rule 7.4(e) provides that "[c]onditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court."  *See, e.g. Illinois Mun. Retirement Fund v. Citigroup, Inc.*, 391 F.3d 844, 850 (7th Cir. 2004)(conditional transfer order did not in any way limit pretrial jurisdiction of district court, citing Judicial Panel on Multidistrict Litigation Rules 1.5 and 7.4(e)).

[4] Rule 81(c)(1), Fed.R.Civ.P.

[5] *McIntyre v. K-Mart Corp.*, 794 F.2d 1023 (5th Cir. 1986).

[6] *Riley v. Walgreen Co.*, 233 F.R.D. 496 (S.D.Tx. 2005).

case. Neither case involved enforcement of a discovery order issued by the state court prior to removal. Although the *Riley* decision mentions 28 U.S.C. § 1450, it is clear that the plaintiff did not rely on § 1450 and the case did not involve the application of § 1450 because there was no state court discovery order at issue. The *Riley* court's brief and hypothetical reference to § 1450 is dicta.

Plaintiff does not argue for a wholesale suspension of Rule 26, or that the plaintiff should be permitted to unilaterally notice and take a deposition before the parties have had a Rule 26(f) conference, or that state law discovery rules or procedures trump the provisions of Rule 26. Rather the plaintiff argues for a straight-forward application of § 1450 and Rule 26(d)(1).

Plaintiff's argument is persuasive. Defendants filed a motion to quash in the state court, sought and received an expedited hearing, which resulted in an ruling allowing the plaintiff's deposition to be taken, albeit no earlier than July 28.[7] Under § 1450 the state court's ruling became a order of this court when the

---

[7] Defendants asserted in their state court motion to quash that "[d]efendants are agreeable to moving forward with Plaintiff's deposition and are simply **requesting a short two week delay** to accommodate counsel's trial schedule and to allow defendants time to properly prepare for Plaintiff's cross-examination." Record document number 14, supplemental opposition memorandum, exhibit A, p. 2 (emphasis in original). Defendant Royal Indemnity Company, which is not a party to this motion, adopted the state court motion to quash filed by defendants Bituminous Fire And Marine, Liberty Mutual and Travelers Indemnity. *Id.*, exhibit B.

case was removed, and it "shall remain in full force and effect until dissolved or modified by the district court." Neither § 1450 nor the Federal Rules of Civil Procedure carves out discovery orders from the scope of § 1450, or treats state court discovery orders differently from other state court orders.  This court has not dissolved or modified the state court's ruling which permitted taking the plaintiff's deposition.  Therefore, the state court's ruling constitutes a "court order" for the purpose of Rule 26(d)(1) and "leave of court" for the purpose of Rule 30(a)(2)(A)(iii).

This determination does not undermine the purpose of the Rule 26(d) restriction on taking discovery before the parties have conferred pursuant to Rule 26(f).  Rather, it gives due deference to a state court discovery order - sought by the same defendants who now seek to avoid complying with it - issued after notice and a hearing.  Additionally, the parties and the court must be mindful of the overriding purpose of the Federal Rules of Civil Procedure, as expressed in Rule 1:

> These rules govern the procedures in all civil actions and proceedings in the United States district courts, except as stated in Rule 81.  They should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.

In the circumstances of this case, granting the relief now sought by the defendants would be contrary to Rule 1.

In the alternative, the defendants sought a protective order postponing the plaintiff's deposition again.  Considering the

circumstances of this case, including the information already available to them or provided to them by the plaintiff, as well as the defendants representations made to the state court regarding the time needed to prepare for the plaintiff's deposition, the defendants have not made a showing of good cause, as required by Rule 26(c)(1), for issuance of the requested protective order. Rather, it is the plaintiff who has shown good cause to take his deposition before the parties have a Rule 26(f) conference.

Accordingly, the Joint Motion to Quash Perpetuation Deposition of Roosevelt Samuel, or Alternatively, for Protective Order is denied.

Baton Rouge, Louisiana, July 24, 2009.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE